JjDECUIR, Judge.
Calvin Riley appeals a judgment of the workers’ compensation judge in favor of his employer, International Maintenance Corporation. For the reasons that follow, we affirm.
FACTS
The facts in this case are disputed. Calvin Riley asserts that on July 21, 1999, he injured his back while handling scaffolding boards in the course and scope of his employment. The incident was not witnessed by any other employee and Riley did not immediately report the alleged injury-
Riley’s co-employee, Darren Broussard, testified that Riley grabbed his back while just standing on the job site. Broussard also recalled teasing Riley about not working too hard that day and Riley replying that his back was bothering him. Brous-sard testified that Riley did not mention any incident with the scaffolding.
Two other employees testified that Riley never mentioned the incident involving the scaffolding. The first recorded mention of the scaffolding was in a July 26, 1999, statement to IMC’s insurance adjuster. Riley contends he reported the incident to IMC superintendent, Harvey Nix. Nix denies this and his testimony is corroborated by the testimony of Kent Dartez.
Dartez also testified that Riley had requested an aspirin for a headache fifteen minutes before he experienced the sudden back pain. He did not complain about his back or mention the alleged scaffolding incident when obtaining aspirin from the safety office.
Riley contends that he did not immediately report the incident for fear he would lose his job because of being injured. IMC counters that Riley had a previous mental injury in 1994 while working for IMC. He received compensation benefits and a compensation settlement and was rehired by IMC.
| ¡..Finally, Dartez and Nix testified that while taking Riley to the doctor he would act as if he was in pain but then stop to engage in conversation normally. Moreover, subsequent surveillance tapes of Riley strongly suggest an exaggeration of symptoms when visiting his doctors and otherwise normal motion when observed without his knowledge.
After hearing the evidence presented, the workers’ compensation judge found that Riley had failed to carry his burden of proving he was injured by an accident in the course and scope of his employment. Riley lodged this appeal, in proper person.
DISCUSSION
Riley’s brief filed in proper person does not assign errors or present issues for review. We presume that Riley contests the trial court’s finding that he failed to prove he suffered an injury as a result of an accident in the course and scope of his employment.
An appellate court’s review of factual findings of the workers’ compensation judge is governed by the manifest error-clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94); 630 So.2d 733. The plaintiff bears the burden of proving a work-related accident by a preponderance of the evidence. Lucius v. H.B. Zachry Co., 95-1667 (La.App. 3 Cir. 5/8/96); 673 So.2d 1357, writ denied, 96-1483 (La.9/20/96); 679 So.2d 438. The Louisiana Supreme Court has held that a worker may meet this burden by his testimony alone if no other evidence discredits *876 or casts serious doubt upon the claimant’s story and the testimony is corroborated by the circumstances following the accident. Bruno v. Harbert International, 593 So.2d 357 (La.1992).
In this case, we cannot say the findings of the workers’ compensation judge are manifestly erroneous or clearly wrong. Riley’s account of events is not corroborated | ¡¡by his co-workers. His actions after the alleged incident do not corroborate his story. The accounts by co-workers of his apparent attempts to appear more injured than he was, coupled with the video surveillance evidence suggesting similar attempts when visiting doctors, cast serious doubt on his credibility. Accordingly, we find no error in the workers’ compensation judge’s findings.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Calvin S. Riley, Jr.
AFFIRMED.