880 So.2d 90 (2004)
Elizabeth CAMARDELLE
v.
K MART CORPORATION.
No. 04-CA-224.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 2004.
*91 Raymond A. Osborn, Jr., Raymond A. Osborn, III, Osborn & Osborn, Gretna, LA, for Plaintiff/Appellee.
William C. Cruse, Blue Williams, Metairie, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
Appellant, Kmart, appeals from a ruling of the worker's compensation judge in favor of claimant, Elizabeth Camardelle. For the reasons that follow, we reverse the decision of the Office of Worker's Compensation.

FACTS
The following was stipulated at trial: claimant was employed by Kmart on April 26, 1993, and that while in the course and scope of her employment she sustained injury to her lower back. It was further stipulated that at the time of the accident, plaintiff was earning $5.95 per hour, resulting in weekly indemnity benefits of $160.00. It was also stipulated that all benefits had been paid and were current at the time of trial.
At trial it was established that after claimant's injury, she was initially treated by Dr. Carl Culicchia, and then by Dr. Robert Fleming, an orthopedist. He declared her temporarily and totally disabled, *92 and recommended surgery. Claimant underwent surgery in February of 1995, which was not successful. She has not returned to work since that time.
On March 2, 1999, at Kmart's request, claimant was evaluated by Dr. Robert Steiner, an orthopedist. He opined that claimant was capable of sedentary employment.
On August 4, 1999, an Independent Medical Examination (IME) was conducted by Dr. James Butler, an orthopedist. He opined that claimant could return to work in a light duty capacity. Claimant did not return to work at that time.
In October of 1999, Dr. Fleming diagnosed a symptomatic nonunion of the spine fusion, and he opined that claimant was totally disabled, and plaintiff would be unable to return to gainful employment.
Dr. Fleming relocated out-of-state, and plaintiff began treatment with Dr. Daniel Gallagher, an orthopedist, who continued as her treating physician to date of trial. In February of 2002, Dr. Gallagher diagnosed a nonunion in the lumbrosacral area and he placed claimant on the same "no work" restrictions as Dr. Fleming.
In September of 2000, Kmart advised claimant to return to work, relying on the report of Dr. Butler. When claimant refused, her benefits were suspended, effective August 30, 2000.
Claimant filed this disputed claim for compensation on November 15, 2000. In December of 2001, Kmart agreed to pay back benefits and place claimant on current disability, and claimant agreed to submit to a Functional Capacity Examination (FCE). The results indicated that claimant could function at a sedentary level. Kmart then obtained a labor market survey, and identified several appropriate vocational alternatives.
Job descriptions, based on the FCE, were forwarded to Dr. Gallagher, who did not approve of any of the positions, and Dr. Steiner, who approved several positions. Thereafter, the worker's compensation judge ordered a second IME, which was performed by Dr. Alexis Waguespack, an orthopedist. Dr. Waguespack opined that claimant was capable of sedentary employment.
Thereafter, Dr. Gallagher refused to change Dr. Fleming's recommendations, and refused to release claimant for employment.
At trial, claimant testified that she was under treatment by both Dr. Pursell for an unrelated stroke, with no residual problems, and by Dr. Gallagher. At the time of trial, she was taking blood pressure medication, cholesterol medication, and several pain medications. She lives with a roommate who does most of the housework, however sometimes she prepares meals, does laundry and makes beds. She testified that she can walk about one-half block at a time, and uses the motorized buggy to go shopping. She cannot sit very well, and sleeps about two hours at a time. She can drive for thirty to forty minutes at time. She traveled by car to both Mississippi and Alabama, with rest stops every thirty minutes.
Carla Seyler, and expert in vocational rehabilitation services, testified that she performed the FCE four months post stroke. She also reviewed the records of Drs. Fleming, Gallagher, Culicchia, Steiner and Butler, as well as records of physical therapy. She stated that claimant performed basic activities such as reading, watching TV and light housekeeping. Claimant has a GED, and sufficient education to function in the job market. She concluded that claimant could perform jobs that involved primarily seated positions, allowing for movement, and she performed *93 a job survey and identified several jobs she believed claimant was capable of performing. Both Drs. Waguespack and Steiner approved the jobs, however Dr. Gallagher did not.
In his letter refusing to release claimant for work, Dr. Gallagher stated that "I have told the insurance company that while she [claimant] certainly may be capable of performing some type of work activity, they allowed Dr. Fleming to treat her and put her at total disability, and I will not change this order.... I do agree that the patient is probably is (sic) physically capable of performing certain types of work activities but she is probably not employable due to the narcotic use and the chronic back pain."
At the conclusion of trial, the worker's compensation judge found claimant to be permanently and totally disabled, and awarded continued compensation benefits. No reasons for judgment were given.

ANALYSIS
In this appeal, Kmart argues that the trial court erred in finding that claimant was permanently disabled. Kmart secondly argues that claimant is not entitled to continuing payment of worker's compensation benefits. At issue in this appeal is the nature and extent of the disability still suffered by claimant.
In this case, the worker's compensation judge found claimant totally, permanently disabled. R.S. 23:1221(2)(c) provides that
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
Thus, a claimant seeking temporary or permanent disability benefits must offer clear and convincing evidence that he is unable to engage in any type of employment. The burden of proving the existence of a fact by clear and convincing evidence requires that its existence must be "highly probable, that is, much more probable tha[n] its non-existence." Scherer v. Interior Plant Design, 98-702 (La. App. 3 Cir. 10/28/98), 724 So.2d 797, writ denied, 99-0297 (La.3/26/99), 739 So.2d 792. In order to meet this clear and convincing standard, the claimant must introduce objective medical evidence. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden. Ratliff v. Brice Bldg. Co., 03-624 (La.App. 5 Cir. 11/12/03), 861 So.2d 613. Whether a claimant is entitled to disability benefits is a question of fact that may not be disturbed on appeal absent manifest error. The trial judge's determinations may not be reversed if they are reasonable in view of the record in its entirety. Sears v. Berg, Inc., 99-457 (La.App. 5 Cir. 9/28/99), 742 So.2d 760.
An employee is not entitled to collect either temporary total disability or permanent total disability when he is physically able to engage in any employment. Spencer v. Gaylord Container Corp., 96-1230 (La.App. 1 Cir. 3/27/97), 693 So.2d 818. A claimant seeking permanent total disability benefits or temporary total disability *94 benefits must prove by clear and convincing evidence that he is unable to engage in any gainful occupation, whether or not the same type of work he was engaging in at the time of injury. A workers' compensation claimant is not entitled to permanent total disability benefits or temporary total disability benefits where claimant's treating physician opined that claimant was able to engage in light duty work. La. R.S. 23:1221(1)(c),(2)(c); McDonnell v. Nestle Beverage Company, 97-2029 (La.App. 4 Cir. 4/22/98), 714 So.2d 757.
Following the 1983 amendments to the workers' compensation statute, evidence that an employee could not return to any gainful employment without suffering substantial pain is no longer sufficient to support an award of permanent total disability benefits. Bank of Winnfield and Trust Co. v. Collins, 31,473 (La.App. 2 Cir. 2/24/99), 736 So.2d 263. Thus, the presence of pain without proof that this pain is substantial enough to make the pursuit of gainful employment an impossibility is inadequate under La. R.S. 23:1221(1). Whether the claimant's pain is substantial enough is a question of fact to be determined by the totality of circumstances. Furthermore, the factual conclusions of the trial court are entitled to great weight and will not be reversed absent manifest error. Hilts v. Wal-Mart Stores, Inc., 02-1440 (La.App. 3 Cir. 4/2/03), 842 So.2d 465, writ denied, XXXX-XXXX (La.9/5/03), 852 So.2d 1036.
In this case, all of the medical testimony, including that of claimant's treating physician, indicated that claimant was physically capable of performing sedentary work activities. Claimant's own testimony that she is capable of driving, and light housekeeping, supports a conclusion that she is capable of performing sedentary work activities. We find that Dr. Gallagher's statements that claimant "is probably not employable due to the narcotic use and the chronic back pain" insufficient to meet claimant's burden of proof, by clear and convincing evidence, that she is incapable of any work activity due to substantial pain. Accordingly, we find that the worker's compensation judge erred in finding plaintiff permanently and totally disabled, and therefore entitled to continuing worker's compensation benefits.
We therefore reverse the decision of the worker's compensation court finding that plaintiff is permanently and totally disabled, and entitled to continuing worker's compensation benefits.
REVERSED.