31 So.3d 436 (2010)
Rick MURRAY
v.
SERVALL SERVICES, INC.
No. 09-CA-107.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 2010.
*437 William R. Mustian, III, Attorney at Law, Metairie, LA, for Plaintiff/Appellee.
Mark L. Clark, Christopher G. Ayres, Charles G. Clayton, Attorneys at Law, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, FREDERICKA HOMBERG WICKER and MARC E. JOHNSON.
WALTER J. ROTHSCHILD, Judge.
In this workers' compensation case, defendant appeals from a ruling of the workers' compensation judge finding claimant to be permanently and totally disabled. For the reasons stated herein, we affirm.
On August 7, 2006, Rick Murray filed a disputed claim for compensation against his employer, Servall Services, Inc. on the basis of a work-related accident which occurred on June 13, 1995. Claimant represented that his wage benefits as a result of this accident were terminated on October 1, 2005 and that he is permanently and totally disabled. He also sought penalties and attorney's fees for the employer's actions in terminating benefits. Servall Services, Inc. answered the claim, disputing claimant's disability status.
This matter was tried on June 18, 2008, and the workers' compensation judge took the matter under advisement. Following the submission of post-trial briefs, the workers' compensation judge rendered judgment on September 17, 2008 finding claimant to be totally and permanently disabled. The court issued reasons for judgment on October 31, 2008. Servall Services, Inc. now suspensively appeals from this ruling.
On appeal, Servall Services, Inc. argues that claimant failed to meet his burden of proving permanent total disability under La. R.S. 23:1221, which provides in pertinent part as follows:
(2) Permanent total.
(a) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability.

*438 * * *
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
To establish a right to receive temporary or permanent disability benefits, a claimant must show by clear and convincing evidence that he or she is unable to engage in any type of employment. La. R.S. 23:1221(1). To meet this burden, objective medical evidence is required. Greis v. Lake Charles Memorial Hosp., 97-1258, pp. 4-5 (La.App. 3 Cir. 3/6/98), 709 So.2d 986, 988, writ denied, 98-0937, 98-0938 (La.5/15/98), 719 So.2d 467. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden. This factual finding should be given great weight and should not be overturned absent manifest error. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 280 (La.1993).
"Clear and convincing" in the workers' compensation context is an intermediate standard falling somewhere between the ordinary preponderance of the evidence civil standard and the beyond a reasonable doubt criminal standard. Hatcherson v. Diebold, Inc., 00-3263, p. 4 (La.5/15/01), 784 So.2d 1284, 1288.
The parties entered into the following stipulations at trial: that claimant injured his back on June 13, 1995 in the course and scope of his employment; claimant's average weekly wage is $411.30; his compensation rate was $274.20; the employer paid 520 weeks of supplemental earnings benefits through August 18, 2005 for a total of $175,059.81 and $416,044.50 in medical benefits through June 17, 2008 The parties also submitted claimant's medical records, his physicians' reports and depositions, as well as the Functional Capacity Evaluation report submitted by his physical therapist and the reports of the vocational rehabilitation counselors.
At trial, Rick Murray testified that while he was working as a janitorial supervisor for defendant, he sustained an injury to his back while lifting a battery out of a floor buffer. Over the next several years, claimant underwent several back surgeries, including a cage fusion, and that he has been unable to work since the accident. He continues to have severe pain in his back and both legs and feet and he walk with a cane for balance. He also suffers from depression and cannot do anything for any length of time, including sitting, standing or doing household chores. He also has to lie down periodically because his legs and back hurt him. He takes several types of pain medicine daily which causes him to fall asleep easily. He stated he met with a vocational counselor, and applied for the jobs which were suggested but was unsuccessful in obtaining employment. At the time of trial, claimant was almost 50 years of age.
Claimant also submitted the testimony of Louis Lipinski who was accepted as an expert in the field of vocational rehabilitation. Mr. Lipinski testified he met with Mr. Murray on October 16, 2007 to conduct a vocational evaluation and he reviewed *439 the claimant's history and his medical information. As a result of this evaluation, Mr. Lipinski opined that Mr. Murray was disabled and could not return to any form of gainful employment. Mr. Lipinski testified that Mr. Murray's skills as a crew boat captain were not transferable to obtaining future employment because of his physical injury and because of the long time period since he has held that job. Mr. Lipinski did not call any employers directly to determine if they would consider Mr. Murray for employment, but he reviewed the Department of Labor listings on employment and determined Mr. Murray was not capable of performing the jobs offered. Mr. Lipinski stated claimant did not have the general educational development or the motor skills to be successfully trained to do something that he doesn't already know how to do. Mr. Lipinski did not believe that claimant had the ability to be competitively employed and that he did not believe claimant had the skills to perform the jobs suggested by defendant's vocational counselor. Further, Mr. Lipinski specifically stated that he could not establish with reasonable certainty, giving his advanced age, marginal education, lack of transferability of skills and restrictions to sedentary work, that he would be able to find a job for him.
Claimant also introduced the medical records and deposition testimony of Drs. James Denney, a psychiatrist, and Dr. Robert Fortier-Bensen, a pain management specialist.
Dr. Fortier-Bensen testified that he first saw claimant in 2003 after he had had five surgeries. He stated claimant was not a candidate for further back surgery, and was taking several medications for pain. He prescribed nerve blocks for claimant which only provided temporary relief. In 2007, Dr. Fortier-Bensen ordered a functional capacity evaluation, and as a result recommended that the claimant met the criteria for sedentary work with certain restrictions. However, Dr. Fortier-Bensen testified that for sedentary work to be possible on a long-term basis, claimant would have to be conditioned. Noting that the functional capacity evaluation is limited to what the patient can do for one day and not long term, Dr. Fortier-Bensen stated as follows:
What I'm thinking is he probably won't be able to do this. So you understand how I generally look at Functional Capacity Exams, is I will generally look and say if a personal can do light work, I go to sedentary. If he's sedentary, then I go to disabled. The reason I do that is because anybody  I can give them pain medicines, I can shoot their leg off and give them the paid medication and they'll drag that leg around and get everything done for the day. But for the next four weeks or a month they'll be miserable.
Dr. Fortier-Bensen testified that claimant is at maximum medical improvement and that he will need to take pain medication for the rest of his life. He stated that with injections for pain, claimant could possibly get back to work on a regular frequency. However, Dr. Fortier-Bensen noted that claimant would have to be properly conditioned to sustain any type of long term employment.
Dr. James Denney stated that claimant was referred to him in 2007 by Dr. Fortier-Bensen for an evaluation of his mental status and the appropriateness of his pain management and medication. Dr. Denney found his mental status to be impaired, "probably" to such a degree that he would be incapable of any sort of employment. Dr. Denney deferred to Dr. Fortier-Bensen on claimant's physical capacities, but until his pain were better resolved, he did *440 not think a return to work was probable. He stated that a structured work program would be positive for the claimant's mental state, and would support Dr. Fortier-Bensen's opinion of his physical abilities. Dr. Denney also thought that cognitive behavioral therapy should be pursued to assist claimant with coping skills involving his physical condition.
Defendant presented the testimony of Stacie Nunez, who was accepted as an expert in the area of vocational rehabilitation counseling. Ms. Nunez interviewed Rick Murray on May 13, 2008 at the request of defendant, and she reviewed his educational background, his work history, and his medical information prior to this interview. She also performed vocational testing at this time. Ms. Nunez testified that on the same day, she contacted potential employers to identify jobs within Mr. Murray's physical and mental restrictions. Ms. Nunez also met with Dr. Fortier-Bensen on May 14, 2008 and that Dr. Bensen stated that Mr. Murray was capable of working in the jobs she identified in a part-time capacity. She stated Dr. Bensen believed it would be beneficial for claimant to return to some kind of work. However, Ms. Nunez stated her efforts to assist Mr. Murray in obtaining employment were not successful.
Following trial, the workers' compensation judge took the matter under advisement and requested post-trial memoranda from both parties. On September 17, 2008, judgment was rendered finding claimant was entitled to permanent and total disability benefits and to medical expenses, including cognitive behavior therapy, medication expenses, and transportation expenses. The judgment also stated that the findings could be modified if claimant's condition improved, but that claimant would be entitled to "true meaningful vocational rehabilitation and retraining, and work hardening."
Defendant requested written reasons for judgment, which were provided by the workers' compensation judge on October 31, 2008. Defendant also filed a motion for suspensive appeal from the judgment which was granted on October 28, 2008.
By this appeal, defendant contends that the workers' compensation judge erred in finding that claimant was permanently disabled. Defendant argues that claimant failed to meet his burden of proving permanent and total disability under La. R.S. 23:1221, citing to this Court's decision in Camardelle v. K Mart Corp., 04-224 (La.App. 5th Cir.7/27/04), 880 So.2d 90. In that case, the Court found that all of the medical testimony presented indicated that claimant was capable of performing sedentary work activities, and the Court reversed the trial court's finding of total and permanent disability. Id., 04-224, p. 7, 880 So.2d at 94.
However, the facts of the case now before us are distinguishable from those presented in the Camardelle case, where there was no evidence presented that at the time of trial claimant was capable of performing sedentary work activities. In the present case, we find that the record indicates that claimant met his burden of proving by clear and convincing evidence that he is unable to engage in any type of employment.
At trial, claimant testified that he was incapable of doing anything for any length of time, including sitting, standing or doing household chores. He stated he is in constant pain and has to lie down during the day in addition to taking numerous medications for pain. He falls asleep due to the dosage of his medication and has become depressed. The workers' compensation judge found claimant's testimony to be credible and noted that he gave a good *441 effort during the functional capacity evaluation testing.
Further, although claimant's treating physician noted that the functional capacity evaluation indicated that claimant met the physical criteria for sedentary work with restrictions, his treating physician qualified the findings with a statement that test results of sedentary usually indicate the patient is disabled. Dr. Fortier-Bensen also stated that if claimant had the benefit of conditioning and vocational training, he may be able to get back to work at some point. However, the physician noted that the patient was not receiving the necessary treatment to enable his return to work. In addition, the medical testimony provided by Dr. Denney reinforced this opinion that based on claimant's mental status, he was incapable of returning to work at the present time.
The record also contains the testimony of the vocational counselor, Mr. Lipinski, who was found to be credible by the workers' compensation judge. Mr. Lipinski found that claimant is unable to engage in any gainful employment because of his physical problems and pain, in addition to his lack of education and advanced age. The trial court apparently did not credit the testimony of Ms. Nunez who found that claimant had transferable skills and the ability to obtain employment in jobs approved by his treating physician.
It is well-settled that factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of review. In applying the manifest error-clearly-wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Seal v. Gaylord Container Corp., 97-688, p. 4 (La.12/02/97), 704 So.2d 1161, 1164.
After a careful review of the record, including the pleadings, trial testimony and exhibits, we fail to find the workers' compensation judge was clearly wrong in finding claimant was totally and permanently disabled in this case. The reasons for judgment indicate that the workers' compensation judge weighed all the evidence, medical and lay, and determined that claimant met his burden of offering clear and convincing evidence that he is unable to engage in any type of employment. Both claimant's testimony and the medical and vocational evidence introduced supports a finding that claimant is disabled. We find the determinations of the workers' compensation judge are reasonable in view of the record in its entirety, and we therefore affirm the ruling finding claimant to be totally and permanently disabled.
As the parties have stipulated to claimant's compensation rate and the date of termination of benefits, there is no need to remand to the trial court for a calculation of benefits owed. However, defendant may seek any credits or offsets to which it is entitled as a result of any payments to claimant during the pendency of these proceedings.
AFFIRMED.
WICKER, J., dissents with reasons joined by McManus, J.
WICKER, J. Dissenting.
I respectfully dissent from the majority because in my view the judgment is an impermissible partial judgment for which the law does not authorize an immediate appeal.
In this matter, the employer appeals a judgment that determines the employee is permanently totally disabled and is entitled to benefits from August 18, 2005 through the present and continuing. The *442 judgment also finds that the claimant is entitled to medical expenses. Further, the judgment states that it can be modified if the claimant's condition improves. Finally, the judgment allows the employer a credit for any benefits it paid.
The judgment, however, does not indicate the amount of benefits nor does it indicate the amount of credit to which the employer is entitled. In addition, the claimant sought attorney's fees and penalties but the judgment does not address this aspect of the claimants' claim.
At trial, the parties stipulated to the amount of the claimant's average weekly wage ($411.30), the compensation rate ($274.20), which was originally set, pursuant to a consent judgment[1] between the parties on December 18, 1996, and the amounts paid by the employer in compensation and medical benefits. Therefore, the parties are bound by those stipulations. Although bound, the trial judge did not incorporate these amounts in her judgment nor did she make any calculations based on the stipulations.
The law is clear that under the Workers' Compensation Act only final judgments which adjudicate the entire claim are appealable. Beaumont v. Exxon Corp., 98-1239, p. 2 (La.App. 5 Cir. 4/27/99), 734 So.2d 155, 156. In Smith v. UNR Home Products, 614 So.2d 54 (La. 1993), the Court stated:
LSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new workers' compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA-R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
In the present case, the judgment is not final in that the essential issues of the case, i.e. the amount of compensation to which the claimant is entitled, the amount of credits due to the employer, the amount of medical expenses, and whether the claimant is entitled to attorney's fees and penalties remain undecided.
The fact that there are outstanding issues to be determined is problematic because piecemeal adjudication and appeals cause delay and inefficiency, in direct contravention of the Workers' Compensation Act's goal of achieving a speedy resolution of injured workers' claims. Marquez v. Jack Ussery Construction, 06-1852, p. 6 (La.App. 1 Cir. 6/8/07), 964 So.2d 1045, 1049, writ denied, 07-1404 (La. 10/12/07), 965 So.2d 400.
In Volion v. Baker heritage, Inc., 97-92 (La.App. 5 Cir. 5/28/97), 695 So.2d 1038, this court dismissed an appeal. The court observed: "While the judgment in the instant case establishes the entitlement of the claimant to worker's compensation benefits, it does not indicate the type or amount of those benefits." 97-92 at 3, 695 So.2d at 1038. The court concluded that the judgment was not appealable. The court remanded the matter for consideration of the remaining issues presented by this claim. Id., 97-92 at 3, 695 So.2d at 1038-39.
To summarize, I find that the judgment is not appealable. It should be dismissed and remanded for a decision on all issues presented by this workers' compensation *443 claim. See: Flach v. Diebold, Inc., 07-576, p. 7 (La.App. 5 Cir. 11/7/07), 973 So.2d 1, 4.
NOTES
[1] The record does not contain a consent judgment.