JOHN J. MOLAISON, JR., Judge.
12CIaimant, Mark Medina, appeals the granting of the Motion for Summary Judgment filed by defendant, Thyssenkrupp Safeway, Inc. For the reasons that follow, we affirm the ruling of the Office of Workers’ Compensation (OWC).

FACTS AND PROCEDURAL BACKGROUND

Claimant, Mark Medina, was hired by defendant as a laborer on May 27, 2009. Ten days later, on June 8, 2009, Medina sustained injuries to his lower back while constructing a scaffold during the course and scope of his employment with defendant. Thereafter, he sought treatment at St. Charles Hospital and then with Dr. Ralph Gessner, an orthopedic surgeon. Medina did not feel that he was improving under Dr. Gessner’s care, so he requested that his treating physician be changed to Dr. Walter Ellis, an orthopedist with Louisiana Spine and Sports Medicine. Medina began treating with Dr. Ellis, who referred him for additional therapy appointments on November 25, 2009. On March 1, 2010, Dr. Ellis released Medina to return to full-duty work, and on March 22, 2010, Dr. Ellis placed Medina at Maximum Medical Improvement (MMI).
| ¡¡Medina's accident and injury were deemed compensable, and defendant paid medical and indemnity benefits to Medina during the period of time that he required medical treatment and was placed at no-duty work status. After Dr. Ellis released Medina to return to full-duty work and placed him at MMI, benefits were terminated.
On February 8, 2012, claimant filed a “Disputed Claim for Compensation” form. On that form, claimant checked off the box which provided that he was seeking Total Temporary Disability (TTD) and/or Supplemental Earnings Benefits (SEBs) and/or total and permanent disability (TPD). Defendant filed a Motion for Summary Judgment contending that no genuine issues of material fact existed and, therefore, claimant’s claims should be dismissed. A hearing was held on August 14, 2012, and the OWC judge took the matter under advisement. On August 20, 2012, the OWC judge granted defendant’s Motion for Summary Judgment, dismissing claimant’s claim for indemnity benefits. This timely appeal followed.

LAW AND DISCUSSION

On appeal, claimant asserts that the OWC judge erred in granting defendant’s Motion for Summary Judgment.
Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 04-806 (La.6/25/04), 876 So.2d 764, 765. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
14A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for trial on that issue. Id. Whether a particular fact is *163 material can be seen only in light of the substantive law applicable to the case. Hubbard v. Jefferson Parish Parks and Recreation, 10-24 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110, writ denied, 10-1486 (La.10/1/10), 45 So.3d 1102.
Summary judgment procedure is intended to make a just and speedy determination of every action. LSA-C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under LSA-C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45, 48.
An employee seeking to recover indemnity benefits for a temporary or permanent total disability must prove by clear and convincing evidence that he is physically unable to engage in any employment. LSA-R.S. 23:1221(1)(c) and (2)(c); Camardelle v. K Mart Corp., 04-224 (La.App. 5 Cir. 7/27/04), 880 So.2d 90, 93-94; Madden v. Lemle and Kelleher, LLP., 08-1691 (La.App. 1 Cir. 2/13/09), 6 So.3d 247, 250.
An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn 90 percent or more of his average pre-injury wage. LSA-R.S. 23:1221(3)(a). For an employee seeking to recover SEBs, the employee bears the initial burden of proving, by a preponderance of the evidence, that his injury resulted in his inability to earn that amount under the facts and circumstances of his individual case. Poissenot v. St. Bernard Parish Sheriff’s Office, 09-2793 (La.1/9/11), 56 So.3d 170, 174. Once the employee meets his burden of proof, the burden then shifts to the employer to prove by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was either offered to the employee or was available to the employee in his or the employer’s community or reasonable geographic area. LSA-R.S. 23:1221(3)(c)(i); Poissenot, supra.
Defendant filed a Motion for Summary Judgment arguing that the undisputed facts established that claimant was not entitled to any further workers’ compensation benefits as of March 1, 2010, as he was released to return to full-duty work with no restrictions and placed at MMI by his treating physician. In its motion, defendant specifically contended that claimant was not entitled to either temporary or permanent disability indemnity benefits under LSA-R.S. 23:1221(l)(c) and (2)(c) because he would not be able to prove by clear and convincing evidence that he was disabled and unable to engage in any employment. Defendant also contended that claimant was not entitled to SEBs under LSA-R.S. 23:1221(3) because he would not be able to prove by a preponderance of the evidence that he was unable to earn 90 percent of his pre-injury wages for reasons other than economic ones.
|fiAt the hearing on the motion, defendant introduced into evidence claimant’s medical records from St. Charles Parish Hospital, Dr. Gessner, and Dr. Ellis. Defendant argued that the medical records supported its contention that claimant was released to full-duty work with no restrictions and placed at MMI in March of 2010. Defendant also introduced into evidence at *164 the hearing a log of benefits that had already been paid to claimant.
In his memorandum in opposition to the motion, claimant contended that his claims could not be decided on summary judgment, and that a trial on the merits was required. Claimant argued that he was entitled to SEBs under LSA-R.S. 28:1221(3)(a) because he was unable to earn 90 percent of his pre-injury wages. He also argued that Dr. Ellis’ release to return to work did not determine whether his physical limitations prevented him from earning 90% of his pre-injury wages or the question of his disability.
Claimant attached his affidavit to his memorandum and introduced it into evidence at the hearing. In that affidavit, claimant stated that his injury from the accident in question limited his ability to walk, stand, or sit for extended periods of time, to bend and stoop, and to lift heavy objects. He asserted that he was not able to perform the job duties that he had at Safeway Services prior to the accident. Claimant listed various jobs he had held since Dr. Ellis released him and stated his income from those jobs. He alleged that his back was still painful and that he needed and wanted additional medical treatment. Claimant also attested in his affidavit that due to the functional limitations caused by his injury, he was unable to earn 90 percent of his pre-injury wages.
After reviewing the foregoing, we find that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. The only evidence claimant introduced at the hearing was his self-serving affidavit, which is ^insufficient to show that he would be able to meet his burden of proof at trial that he is entitled to indemnity benefits or SEBs. Claimant did not show that he would be able to prove at trial by a preponderance of the evidence that he is physically unable to engage in any employment as required to obtain temporary or permanent total disability benefits. He failed to provide any medical evidence regarding his alleged disability.
With respect to SEBs, claimant failed to show that he would be able to prove at trial that he is unable to earn 90 percent or more of his average pre-injury wage. He did not offer any proof of a causal connection between the physical and/or functional limitations alleged in his affidavit and the 2009 work-related accident. Claimant did not provide any proof of lost wages such as pay stubs or income tax returns to show that he is unable to earn 90 percent or more of his average pre-injury wage.
Moreover, claimant’s affidavit was rebutted by medical records introduced into evidence by defendant. Those medical records showed that Dr. Ellis, claimant’s own treating physician, released claimant to full-duty work with no restrictions and placed him at MMI in March of 2010.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the OWC judge, dismissing claimant’s claims for indemnity benefits and SEBs.

AFFIRMED